

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2002

# USA v. Lahr

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Lahr" (2002). *2002 Decisions.* Paper 699.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/699

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1242
_____

UNITED STATES OF AMERICA

v.

ANISSIA L. LAHR,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-000087-2)
District Judge: Honorable Donald E. Ziegler

_____

Submitted Under Third Circuit LAR 34.1(a)
on July 29, 2002

Before: BECKER, Chief Judge, ROTH
and RENDELL, Circuit Judges

(Opinion filed:  November 4, 2002)

_____

ROTH, <u>Circuit Judge:</u>

Appellant Anissia L. Lahr appeals a final judgment of conviction from the United States District Court for the Western District of Pennsylvania. Lahr had pled guilty to criminal conspiracy in violation of 18 U.S.C. § 371 and aiding/abetting a bank robbery in violation of 18 U.S.C. § 2113(a). She was sentenced to 40 months imprisonment and 3 years supervised release. Lahr raises three issues for appeal: (1) the District Court erred in not finding aberrant behavior under U.S.S.G. § 5K2.20, (2) the District Court erred in assessing a two-level increase for restraint of a victim pursuant to U.S.S.G. §§ 2B1(4)(B) and 3A1.3, and (3) the District Court erred in determining that a firearm was used in the offense, when applying U.S.S.G. §§ 2B3.1(b)(2)(C) and 1B1.3.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over sentencing guideline determinations and clearly erroneous review over the District Court's factual determinations. *See United States v. Torres*, 251 F. 3d 138, 145 (3d Cir. 2001).

First, Lahr argues that the District Court erred in finding that her conduct did not meet the definition of aberrant behavior as set out in U.S.S.G. § 5K2.20. In view of the nature of the offense here, including the fact that Lahr discussed the bank robbery with her co-defendant several months before the actual robbery, that the day before the robbery Lahr leased a vehicle which she knew was going to be used in the robbery, that she drove her co-

defendant to the bank and acted as a look-out from the car, and that she then returned the car to the rental agency all indicate, as the District Court found, that Lahr's "conduct was premeditated before and after the event . . .." We agree that Lahr did not meet the definition of aberrant behavior in § 5K2.20.

Second, Lahr argues that the District Court erred in assessing a two-level increase for restraint of a victim pursuant to U.S.S.G. §§ 2B1(4)(B) and 3A1.3. The District Court, after thoroughly reviewing the evidence before it, made a factual determination that the acts in question were reasonably foreseeable to Lahr and that this contention was without merit. Our standard of review is clearly erroneous and we cannot find any clear error in the District Court's factual analysis and determination of this issue.

Finally, Lahr argues that the District Court, when applying U.S.S.G. §§ 2B3.1(b)(2)(C) and 1B1.3, erred in determining that a firearm was used in the offense. Lahr argues that there is not sufficient evidence, established by a preponderance, to show that a weapon was used in the commission of the crime. However, the District Court found that sufficient evidence did exist to show that Lahr was aware that an operable handgun was in the possession of her co-defendant. Again, this factual determination by the District Court was not factually erroneous.

For the foregoing reasons, we will affirm the judgment of the District Court.

3

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/Jane R. Roth
Circuit Judge

4